**AFFIRMED and Opinion Filed July 18, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-01240-CV**

**L. JOHNSON, Appellant**

**V.**

**JEFFREY A. VITT, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-08160**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Molberg

### I. OVERVIEW

On June 6, 2017, pro se appellant L. Johnson,[1] an attorney, was a passenger in a vehicle being driven by her now-former client, appellee Jeffrey A. Vitt, when the vehicle was hit from behind by a vehicle being driven by Christopher Jacobs. After Vitt sued Jacobs and others, Johnson intervened, asserting her own claims against Vitt, Jacobs, and others. Vitt answered and generally denied Johnson's

---

[1] We use the parties' names as reflected on the final judgment being appealed, which "contains the full names of the parties, as stated in the pleadings, for and against whom the judgment is rendered." *See* TEX. R. CIV. P. 306. In her brief in our Court, appellant identifies herself as Luwalhati Admana Johnson.

claims. Ultimately, Vitt's claims were dismissed, and Johnson became the sole claimant. Johnson non-suited her claims against others besides Vitt—including Jacobs, with whom she settled before trial—and went to trial before a jury on her negligence and gross negligence claims against Vitt.

Johnson represented herself at trial. During trial, Johnson offered testimony and certain exhibits regarding drugs prescribed to and used by Vitt, which she argued related to her gross negligence claim. The trial court sustained Vitt's objections and did not admit the evidence. After Johnson rested, Vitt's counsel moved for a directed verdict on Johnson's gross negligence claim. The trial court granted the motion.

Trial continued, and Johnson's negligence claim against Vitt was submitted to the jury. Because the jury determined Vitt was not negligent,[2] the trial court signed a take-nothing judgment against Johnson and in favor of Vitt. Johnson moved for a new trial, which was overruled by operation of law. She then timely appealed.

Johnson raises five issues on appeal, which we list in the next section. For the reasons explained below, we affirm the judgment in this memorandum opinion.[3]

## II. DISCUSSION

As stated by Johnson:

---

[2] Question one in the court's charge asked, "Did the negligence, if any, of those named below proximately cause the occurrence in question?" Below the question, two individuals were listed—Vitt and Jacobs. Jacobs was a settling person by that time. *See* TEX. CIV. PRAC. & REM. CODE § 33.003(a)(3). The jury answered, "No" for Vitt, "Yes" for Jacobs.

[3] *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id*. 47.4 (stating, in part, "If the issues are settled, the court should write a brief memorandum opinion no longer than necessary to advise the parties of the court's decision and the basic reasons for it.").

1. There is legally and factually insufficient evidence to support the jury's finding that Vitt shared no responsibility for Johnson's injuries.

2. [Vitt's counsel] delivered an incurably prejudicial closing argument which caused the jury to deliver an emotional verdict.

3. [There is] [l]egally and factually insufficient evidence to support a zero award [for Johnson's] physical pain and mental anguish in the future, past and future physical impairment, and medical care expenses in future.

4. The trial court erred in excluding evidence of Vitt's drug use and in granting a directed verdict on Johnson's gross negligence claim against Vitt.

5. The trial court erred in admitting the testimony of rebuttal expert economist Shannon Shipp, Ph.D.

## A. Sufficiency of Evidence to Support Finding Vitt Was Not Negligent

We begin by considering Johnson's first issue, in which she argues the evidence is legally and factually insufficient to support the jury's finding that Vitt was not negligent. In other words, Johnson is attacking an adverse finding on which she had the burden of proof—Vitt's negligence. Thus, as the applicable standards require, to prevail in her appeal of the jury's adverse finding on this issue, Johnson must show, on her legal sufficiency challenge, that the evidence conclusively establishes Vitt's negligence as a matter of law or, on her factual sufficiency challenge, that the jury's finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

"When a party attacks the legal sufficiency of an adverse finding on an issue on which it bears the burden of proof, the judgment must be sustained unless the

record conclusively establishes all vital facts in support of the issue." *Catholic Diocese of El Paso v. Porter*, 622 S.W.3d 824, 834 (Tex. 2021). To conclusively establish a fact, the evidence "must leave no room for ordinary minds to differ as to the conclusion to be drawn from it." *Id*. When a party attacks the factual sufficiency of an adverse finding, we examine the entire record and set aside the jury's verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Hizar v. Heflin*, 672 S.W.3d 774, 795 (Tex. App.—Dallas 2023, pet. filed).

In making this review, we are not a fact finder. The fact finder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). We defer to the jury's implicit determinations of credibility and the weight to be given to the evidence. *Wise v. SR Dallas, LLC*, 436 S.W.3d 402, 408-09 (Tex. App.—Dallas 2014, no pet.).

The jury heard testimony from three witnesses about the June 6, 2017 collision: Vitt, the driver; Enoc Chicas, an employee of Vitt's who was riding as a front-seat passenger in Vitt's vehicle; and Johnson, who was riding in Vitt's vehicle behind Chicas. Johnson testified live. Although Vitt and Chicas did not personally appear at trial, the jury saw and heard portions of their deposition testimony as selected and presented by Vitt's counsel and by Johnson.

–4–

All three witnesses agreed on many facts regarding the collision, including that Vitt was driving, Chicas and Johnson were passengers in Vitt's vehicle, Vitt's vehicle was hit from behind by Jacobs as they were on or near the interstate on-ramp, Johnson was injured in the collision, and police arrived at the scene.

But their testimony differed in other respects, including on questions about what happened before the collision, whether Johnson screamed, whether Vitt slammed on the brakes, and whether other vehicles were in front of Vitt's vehicle.

On those topics, Johnson denied screaming, testified there were no cars in front of Vitt's vehicle, and testified Vitt "suddenly . . . slammed on the brakes" and began to turn. Johnson also testified she did not tell the police at the scene that Vitt slammed on his brakes and testified the police investigation only found Jacobs at fault.

Chicas testified he did not think there were any vehicles immediately in front of Vitt's vehicle, and when asked whether Vitt did anything prior to being hit from behind to cause a strike from behind, such as a sudden stop, he answered, "No." Later, however, Chicas also testified he did not recall whether Vitt slammed on the brakes.

Vitt agreed he braked prior to the collision but testified a loud sound and circumstances inside and outside his vehicle caused him to do that, including the traffic flow at the time. Vitt testified he believed the sound was Johnson and described the sound as a "loud, screeching, scream-type sound." When asked about

the timing of his braking in relation to when the truck behind him hit the rear of his vehicle, Vitt testified, "It was instantly."

In addition, the trial evidence also included the Texas Peace Officer's Crash Report, which was admitted without objection from Johnson. That report reflected that Jacobs—the only one of the two drivers to be charged with an offense—was cited for failure to control speed.

Additionally, during cross-examination, Johnson agreed she claimed Jacobs was negligent in causing the crash; operated his truck at an unsafe speed, given the traffic conditions; and failed to do the following: keep a proper lookout, timely apply his brakes to avoid the collision, turn his vehicle to the left or right to avoid the collision, take proper evasive action to avoid the collision, maintain a clear and reasonable distance between the front of his vehicle and the rear of Vitt's vehicle, sound his horn to warn other drivers, and pay attention to operating his vehicle in traffic.

Having reviewed all of the evidence and applying the appropriate standards, we conclude Johnson has failed to show the evidence conclusively establishes Vitt's negligence as a matter of law or that the jury's finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. The jury was free to credit testimony from Vitt and Chicas instead of Johnson's testimony. Johnson bore the burden of proof at trial, and the record does not conclusively establish all vital facts to support a negligence finding against Vitt. *See Porter*, 622

S.W.3d at 834 (legal sufficiency). Likewise, the jury's verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Hizar*, 672 S.W.3d at 795 (factual sufficiency). We overrule Johnson's first issue.

## B. Improper Closing Argument

In her second issue, Johnson argues Vitt's counsel "delivered an incurably prejudicial closing argument which caused the jury to deliver an emotional verdict."

Specifically, Johnson complains about the following portion of Vitt's counsel's closing argument:

> [VITT'S COUNSEL]: I don't have a lot of time, but I want to first say sort of big picture in all of this, never mind that an attorney suing her own client is unseemly at best. What – think – consider what else – what motive is there for Ms. Johnson to sue her client, Mr. Vitt.

Although Johnson complains only about that comment, her brief also refers to other comments that followed, and we include these below for additional context. After Vitt's counsel made his initial statement, he then went on to say the following:

> Well, there's the uncollected $45,000 judgment she had against him for disputed legal fees back in 2017. That is not to say – and I want to emphasize this – Ms. Johnson said, Well, they're going to say I wasn't injured.
>
> No, she was injured. The evidence supports her injury. She clearly had injury. This was a heavy collision. This was a hard impact collision. You can look at the photographs and see that. So it's not a matter of Ms. Johnson not being injured.
>
> What we believe the evidence supports is that while she was injured and had chiropractic care primarily, she is exaggerating her injuries, as you can hear, for the purpose of getting back at Mr. Vitt for the uncollected $45,000 judgment she still holds and never collected on.

The above quotes are but a small portion of Vitt's counsel's closing argument, an argument that comprises a total of eleven pages of the multi-volume trial transcript. Johnson did not object to that argument or address it in her rebuttal. She argues an objection would have been futile and is not required because Vitt's counsel's arguments were "incurably harmful."

Generally, a complaint about an improper jury argument must, at the time the argument occurs, be preserved by a timely objection that is overruled and a request for an instruction that the jury disregard the improper remark. *Phillips v. Bramlett*, 288 S.W.3d 876, 883 (Tex. 2009); *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 840–41 (Tex. 1979). "Typically, retraction of the argument or instruction from the court can cure any probable harm, but in rare instances the probable harm or prejudice cannot be cured." *Living Ctrs. of Tex., Inc. v. Peñalver*, 256 S.W.3d 678, 680 (Tex. 2008). If the argument is incurable, a complaint about the argument may be made for the first time on appeal, regardless of whether an objection was timely made. *Id*.

An improper argument is incurable if it, "by its nature, degree, and extent[,] constitute[s] such error that an instruction from the court or retraction of the argument could not remove its effects." *Id*. at 681. Incurable argument is rare and usually encompasses appeals to racial prejudice; unsupported charges of perjury; unsupported, extreme, and personal attacks on opposing parties and witnesses; or baseless accusations of witness tampering. *Id*.; *see also Khan v. Chai Rd., Inc.*, No.

05-16-00346-CV, 2017 WL 3015727, at *2 (Tex. App.—Dallas July 17, 2017, no pet.). Also, unsupported charges that opposing counsel manufactured evidence, suborned perjury, or was untruthful are highly improper and are generally considered to be incurable. *Living Ctrs. of Tex., Inc.*, 256 S.W.3d at 681.

To prevail on her claim of incurable harm, Johnson must show that based on the record as a whole, the offensive argument was so extreme that a "juror of ordinary intelligence could have been persuaded by that argument to agree to a verdict contrary to that to which he would have agreed but for such argument." *Phillips*, 288 S.W.3d at 883 (quoting *Goforth v. Alvey*, 271 S.W.2d 404, 450–51 (Tex. 1954)).[4] Typically, retraction of the argument or an instruction from the trial court will cure any probable harm from improper argument. *Id.*; *Living Ctrs. of Tex., Inc.*, 256 S.W.3d at 680. A finding of incurable harm from improper argument must be based on the entire record and should consider the length of the argument, whether it was repeated or abandoned, and its probable effect on a material finding. *See Reese*, 584 S.W.2d at 839–40.

Here, Johnson argues it was incurably harmful for Vitt's counsel to argue it was unseemly for Johnson to sue her client and to question her motive in doing so, both because she submitted evidence stating she did not represent Vitt in this matter

---

[4] "The test is 'whether the argument, considered in its proper setting, was reasonably calculated to cause such prejudice to the opposing litigant that a withdrawal by counsel or an instruction by the court, or both, could not eliminate the probability that it resulted in an improper verdict.'" *Alonzo v. John*, 689 S.W.3d 911, 913 (Tex. 2024) (quoting *Living Ctrs. of Tex., Inc.*, 256 S.W.3d at 681).

and because, since she is an attorney, such argument struck at the impartiality, equality, and fairness of the judicial system and thus inflicted damage beyond the parties and this specific case. She cites as support *Circle Y of Yoakum v. Blevins*, 826 S.W.2d 753, 756–59 (Tex. App.—Texarkana 1992, writ denied) and argues the argument in this case was similar to the argument found to be incurably harmful in that case.

We disagree. The comments in *Circle Y of Yoakum* "clearly charged defense counsel with manufacturing evidence" and "were aggravated by the fact that the matters referred to by defense counsel *were in evidence.*" *Id.* at 759. "Even if [such matters] had not been in evidence, the statements charging defense counsel with manufacturing evidence were intemperate, improper, and inflammatory, and were wholly without support in the evidence." *Id.*

Here, in contrast, Vitt testified Johnson represented him in this case, thus providing evidentiary support for the argument, and the argument was short, was not repeated, and had no probable effect on a material finding based on the entire record before us. After applying applicable standards, *see Reese*, 584 S.W.2d at 839–40, we conclude the challenged argument did not constitute incurable argument and thus required Johnson to preserve the issue for appeal by a timely objection that was overruled and a request for an instruction that the jury disregard the improper remark. *See id.* at 840–41; *see also Phillips*, 288 S.W.3d at 883. Based on the record

–10–

before us, because Johnson did not object, she did not preserve this issue for appeal. Thus, we overrule Johnson's second issue.

## C.    Excluding Evidence of Vitt's Drug Use

In her fourth issue, Johnson argues, in part, the trial court erred in "excluding evidence of Vitt's drug use," which she argued in the trial court related to her gross negligence claim.[5]

During trial, Johnson attempted to offer testimony and certain documentary evidence regarding drugs prescribed to and consumed by Vitt. According to her related offer of proof, some of this evidence consisted of Johnson's own testimony, while other parts consisted of Vitt's pharmacy records, records regarding actions taken by the Texas Medical Board against one of Vitt's prescribing physicians, and various documents filed in other tribunals, including in a criminal proceeding against Vitt in Oklahoma and in a divorce proceeding against Vitt in Denton, Texas.

Johnson discussed this evidence with the trial court outside the presence of the jury after voir dire and before opening statements. Vitt's counsel objected, at least in part, under Texas Rule of Evidence 404. The trial court then ruled, in essence, that Johnson could talk about her observations of Vitt but could not offer

---

[5] She also argues the trial court erred in granting a directed verdict on her gross negligence claim against Vitt, but as explained in section II.D. below, we need not reach that issue. However, because the evidence may also have relevance in Johnson's negligence claim, we are compelled to address the trial court's exclusion.

an opinion that the things she observed were because Vitt was under the influence of drugs or alcohol. The trial court stated:

> Here, we don't have any record of any drugs or alcohol in the system of the driver, Mr. Vitt, at the time of the accident, whether it was measured with a test that day, immediately after, or an on-site test. There's just not anything in the record that would support it. And, of course, under 403 analysis, which is among the analysis counsel has invited the Court to consider, the Court does have to consider whether the potential probative value is outweighed by the threat of unfair prejudice, and to just start talking about that there's drug and alcohol use based on the fact that there was some drug and alcohol use in your estimation previously when we don't have any record that there was drug and alcohol use on the day of the incident, whether from a police record or test or otherwise, I think that's inconsistent with what these cases are that you've offered me, and the Court is concerned about the unfair prejudicial affect.
>
> Having said that, you were with Mr. Vitt and you certainly are permitted to talk about your observations of Mr. Vitt. While it's not appropriate to offer the jury the opinion that the – that the things you observed were because he was under the influence, you certainly can give the jury what your observations were in terms of his actual behavior, the things he did that you – in whatever you observed. But to go the step further to say to this jury that he was under the influence of drugs or alcohol when there is no objective data to support that, the Court is concerned that that would be unfairly prejudicial and it would be error.

"We review a trial court's decision to admit or exclude evidence for an abuse of discretion." *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or acts without reference to any guiding principles." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *see also In re Alford*, 645 S.W.3d 315, 316 (Tex. App.—Dallas 2022, no pet.) ("An abuse of discretion occurs when a trial judge reaches a decision that is so

–12–

arbitrary and unreasonable that it amounts to a clear error of law or violates a ministerial duty."). "To determine if an abuse of discretion occurred, we must decide whether the trial court (1) had sufficient information upon which to exercise its discretion, and (2) erred in the exercise of its discretion." *Interest of J.A.A.*, No. 05-22-00578-CV, 2023 WL 4944505, at \*1 (Tex. App.—Dallas Aug. 3, 2023, no pet.) (mem. op.). After reviewing Johnson's offer of proof, and applying the applicable standards to this record, we conclude the trial court did not abuse its discretion in excluding the evidence. We overrule Johnson's fourth issue to that extent.

## D. Remaining Issues

Because we overruled Johnson's first issue relating to Vitt's negligence, we need not address her remaining issues, *see* TEX. R. APP. P. 47.1, 47.4, as any error is harmless under the circumstances. *See id*. 44.1(a);[6] *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (Rule 44.1(a) "applies to all errors"). More specifically, the jury's finding that Vitt was not negligent renders harmless any alleged error in connection with his alleged gross negligence (remaining part of Johnson's fourth issue) and Johnson's alleged damages (third and fifth issues),

---

[6] Rule 44.1(a) states, "No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1(a).

because by concluding Vitt was not negligent, the jury could not have concluded Vitt was grossly negligent and could not have awarded Johnson damages.[7]

### III. CONCLUSION

Accordingly, we affirm the trial court's judgment.

/Ken Molberg/
KEN MOLBERG
JUSTICE

221240F.P05

---

[7] *See Medina v. Zuniga*, 593 S.W.3d 238, 247, 249 (Tex. 2019) (explaining "[g]ross negligence has both an objective and a subjective component[,]" and the objective component—which is "functionally distinguishable from ordinary negligence"—involves "a threshold significantly higher than the objective 'reasonable person' test for negligence"); *Standard Fire Ins. Co. v. Stephenson*, 963 S.W.2d 81, 88 (Tex. App.—Beaumont 1997, no pet.) (concluding reversal was not warranted based on predecessor to rule 44.1, when jury's answer to a certain question meant the claimant would not recover any damages).



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

L. JOHNSON, Appellant

No. 05-22-01240-CV     V.

JEFFREY A. VITT, Appellee

On Appeal from the 116th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-19-08160. Opinion delivered by Justice Molberg. Justices Pedersen, III and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JEFFREY A. VITT recover his costs of this appeal from appellant L. JOHNSON.

Judgment entered this 18th day of July, 2024.